THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HUMBERT UBERTINI, Appellant.

County Court, Cortland County, November 10, 1943.

*Humbert Ubertini,* appellant in person.

*Philip. M. Smith, District Attorney,* for respondent.

AMES, J. New York State Route No. 11 runs north from the village of Homer in this county and is intersected at a point in the town of Homer by the eastern terminus of a county highway running east from the settlement of Little York. There is a through traffic stop sign stationed on the south side of this county highway at a point about seventy-five feet west from this point of intersection.

On August 2, 1943, following a trial without a jury in Justice's Court, Special Sessions, Town of Homer, the defendant herein was adjudged guilty of a violation of section 95-d of the Vehicle and Traffic Law, the information alleging that on the 26th day of July, 1943, at about 9:52 o'clock in the forenoon, the defendant, operating an automobile, failed to come to a full and complete stop before entering Route No. 11 from

said county highway. On the trial the information was amended so as to allege the violation occurred at about 8:52 A. M. rather than 9:52 A. M. The defendant has appealed from this judgment of conviction.

In his notice of appeal the defendant has set forth a large number of alleged errors on the part of the Justice hearing the case. Many of these alleged errors, even if made, are of a trivial nature and would not, in my opinion, prejudice the defendant's case or affect any of his substantial rights. In view of the provisions of section 764 of the Code of Criminal Procedure, most of these alleged errors may be disregarded.

Section 95-d provides as follows: " The state traffic commission may in its discretion order erected and maintained on any or all roads or highways, outside of cities, which intersect a state highway, suitable signs, signals and markings warning drivers of vehicles of such intersection, or directing such drivers to bring such vehicles to a stop before entering or crossing such state highway. Such signs, signals and markings shall be erected at or near the intersecting line of such state highways and shall be plainly visible at all times for a distance of at least fifty feet. It shall be unlawful for the driver of any vehicle to enter upon or cross a state highway from an intersecting road or highway upon which such a stop sign is erected without first having brought the vehicle to a full stop at or close to the intersection of such state highway. A sign bearing the word " stop ", with or without explanatory words, shall be sufficient under this section to require a full stop.

" Any person failing to obey any sign, signal or marking established pursuant to this section shall be deemed guilty of violating this section and upon conviction shall be subject to the penalties provided by section ninety-one of this chapter for violations of article six of this chapter."

From the remarks and evidence of the interested parties in this case, it may be fairly said that all parties concede the stop sign in question was legally erected. Its existence is not disputed; in fact, the defendant states that he was aware of its existence and had stopped opposite it on many occasions. Stopping at or opposite the stop sign does not seem to be a sufficient compliance with this section. The words " at or close to the intersection of such state highway ", in my opinion, mean that the operator of a motor vehicle must stop it at the point of intersection or close enough thereto to permit a full and free view of the main highway in both directions to himself, and of his car to others approaching from either

direction. One of the purposes of section 95-d and other sections of the Vehicle and Traffic Law is to prescribe such rules of conduct in the operation of motor vehicles as will tend to reduce accidents. Taking into consideration the element of speed of cars on the main highway, the stopping of an automobile at a stop sign some seventy-five feet away from the intersection would be of little avail to the operator so far as his view of the main highway is concerned, even if no obstacles intervened. It would likewise be of little avail to motorists traveling on the intersecting highway. They would have no means of knowing the further intentions of the operator of the stopped car. It seems to be plain that the intention of this particular portion of this section is to place a motorist on notice, as he comes to one of these signs, that an intersection is nearby and to require him to bring his vehicle to a stop thereafter at or close to the place where he would naturally enter the intersection.

Section 95-d of the Vehicle and Traffic Law, so far as it relates to the penalty for a violation, provides that the provisions of section 91 of article 6 of that Law shall apply. This was brought about by an amendment to section 95-d at the last session of the Legislature and effective July 1, 1943 (L. 1943, ch. 360). Prior to that date, the penalty for a violation of section 95-d was controlled by the section itself and punished a violator with a fine not exceeding fifty dollars or by imprisonment not exceeding thirty days, or by both such fine and imprisonment. Section 91, for a first offense, which seems to be the case here, provides a fine not exceeding ten dollars. The fine imposed here by the Justice, who was apparently unaware of the recent amendment, was nevertheless within the limit prescribed by section 91, but even if it were not, this court, under the provisions of section 764 of the Code of Criminal Procedure, would have power to render the judgment which the court below should have rendered. The fact that the Justice, while imposing sentence, referred in his remarks to a provision of section 95-d as it formerly existed seems no reason to this court for a reversal of the conviction. It is doubtful in my mind, however, if the extreme penalty provided for a violation should have been imposed on this defendant. It seems undisputed that he stopped at the stop sign itself, some seventy-five feet west of the intersection. No damage to another car or person resulted from his failure to stop at or near the intersection. While ignorance of the law is no excuse, sometimes there do arise differences of opinion as to the interpretation

of the phraseology used. Such a situation, I believe, exists here. The defendant admits failure to bring his car to a complete stop at the intersection and maintains that the complete stop made by him opposite the stop sign was a substantial compliance with the law. In this contention I am unable to agree with him but do feel that the fine imposed was excessive. Defendant did not apparently drive out into Route 11 with a total disregard of the rights of others lawfully using that highway; his car was under control and proceeding at a low rate of speed at the time. Under these circumstances a fine of two dollars would have been more in line with the offense committed.

The defendant further urges as a reason for reversal that the People failed to proved that he violated the law by a fair preponderance of evidence and beyond a reasonable doubt. The fact that Trooper Wheeler testified that defendant was within his sight from a point about forty to fifty feet west of the intersection to the intersection, that defendant did not stop within that distance but continued on into the main highway, that this evidence is undisputed by defendant and in fact corroborated by defendant in his testimony, renders this argument of little value.

The judgment herein of conviction is affirmed. For the reasons before stated, the sentence imposed is reduced to two dollars. Judgment may be entered accordingly.